TSUGAWA BIEHL LAU & MUZZI
A Hawaii Limited Liability Law Company

ALAN K. LAU            3981
TEDSON H. KOJA         4793
1132 Bishop St. Suite 2400
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Email:  ALau@hilaw.us
        Tkoja@hilaw.us

Attorneys for Plaintiff
HAWAII AIRBOARDS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII AIRBOARDS, LLC, a Hawaii Limited Liability Company,<br><br>Plaintiff<br>v.<br><br>BIC SPORT NORTH AMERICA, INC., a Massachusetts Corporation,<br><br>Defendant. | Civil No. CV15 00036 SOM BMK<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL; EXHIBITS 1 – 2; AND SUMMONS** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, HAWAII AIRBOARDS, LLC, by and through its attorneys, hereby complains against Defendant BIC SPORT NORTH AMERICA, INC. as follows:

42126/10/84134

## I.    PARTIES

1.  Plaintiff HAWAII AIRBOARDS, LLC ("HAB") is a limited liability company organized and existing under the laws of the State of Hawaii with its principal office located in Kailua, Hawaii.

2.  Defendant BIC SPORT NORTH AMERICA, INC. ("BIC") is a corporation organized under the laws of the State of Massachusetts with a place of business located at 2380 Cranberry Highway, West Wareham, Massachusetts 02576.

## II.    JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.  This Court has personal jurisdiction over BIC because it has committed acts giving rise to this action within Hawaii and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over BIC would not offend traditional notions of fair play and substantial justice.

4.  Venue properly lies in the District of Hawaii pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because BIC has committed acts within this judicial district giving rise to this action, and BIC does business in this judicial district,

including one or more of the infringing acts of offering for sale or selling to consumers in this district.

### III.   BACKGROUND

5. HAB realleges and incorporates by reference the allegations set forth in paragraphs 1-4 above as if fully set forth herein.

6. United States Patent Number 6,066,016 ("the '016 Patent") is entitled "Inflatable Transportable Water Craft for Survival or Other Recreational Applications" and was duly and legally issued to Robert N. Yonover on May 23, 2000. All rights and interest in the '016 Patent, including the right to sue and recover for past infringement have been assigned to HAB. A true and correct copy of the '016 Patent as issued on May 23, 2000 is attached hereto as **Exhibit 1**.

7. On September 14, 2012, a third party filed in the United States Patent and Trademark Office ("PTO") an Ex Parte Request for Reexamination (Serial No. 90/012,646) of claims 1, 3, 4, 7, 14-17, 21, 22 and 25 of the '016 Patent, and, on December 5, 2012, the PTO granted the request and ordered reexamination of these claims.

8. On November 15, 2013, the PTO issued the Reexamination Certificate for the '016 Patent and determined that "Claims 1, 4, 6, 14, 17, 21, 22 and 25 are patentable as amended." A copy of the Reexamination Certificate is attached as **Exhibit 2**.

9. BIC is engaged in the business of making, offering for sale, selling, and/or distributing inflatable stand-up paddleboards ("inflatable SUPs") to consumers throughout the United States, including Hawaii, such as, for example, the models "**SUP AIR**" and "**SUP AIR TOURING**" of inflatable SUP boards (the "Accused Products").

10. BIC currently offers at least some of the Accused Products for sale on its website at http://shop.bicsport.com/c/sup_inflatable-sup:



11. BIC has at least one dealer in Hawaii, namely, Nalu Nui, located at 161 Wailu Rd., Kapaa, Hawaii 96746.

42126/10/84134

12. On December 2, 2013, counsel for HAB sent BIC a letter notifying BIC that certain inflatable stand-up paddleboards made, offered for sale and/or sold by BIC, infringe certain claims of the '016 Patent. The December 2, 2013 correspondence included a representative infringement claim chart, illustrating the asserted infringement and a proposed License Agreement.

13. On December 13, 2013, counsel for BIC acknowledged and responded to HAB's December 2013 letter and informed HAB that it would be in contact after completing a review of the matter. No further response was received from BIC and/or its counsel.

### IV. INFRINGEMENT OF U.S. PATENT NO. 6,066,016 (REEXAMINATION CERTIFICATE)

14. HAB realleges and incorporates by reference the allegations set forth in paragraphs 1-13 above as if fully set forth herein.

15. HAB asserts that BIC has infringed and continues to infringe under 35 U.S.C. § 271 at least claims 1, 4, 14, 16, 21, 22 and 25 of the '016 Patent as set forth in the Reexamination Certificate for the '016 Patent. The infringing acts include, but are not necessarily limited to, making (on or after November 15, 2013) the Accused Products, and offering for sale, selling and/or distributing the Accused Products (made on or after November 15, 2013).

16. BIC's acts of infringement have caused damage to HAB. Under 35 U.S.C. § 284, HAB is entitled to recover from BIC the damages sustained by HAB

as a result of its infringement of the '016 Patent. BIC's infringement on HAB's exclusive rights under the '016 Patent will continue to damage HAB causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

17. BIC's acts of infringement are willful. Despite its knowledge of the '016 Patent and HAB's notice of infringement, BIC continues to make, offer for sale, sell and/or distribute the infringing Accused Products without a license from HAB.

## PRAYER FOR RELIEF

WHEREFORE, HAWAII AIRBOARDS, LLC respectfully requests that this Court enter judgment against Defendant BIC SPORT NORTH AMERICA INC. as follows:

(a) The '016 patent is valid and enforceable.

(b) BIC has infringed and continues to infringe the '016 Patent;

(c) BIC and its respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with BIC be preliminary and permanently enjoined under 35 U.S.C. § 283 against any further acts of infringement;

(d)     For damages to be paid by BIC adequate to compensate HAB for all infringement of the '016 Patent, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

(e)     For judgment finding this to be an exceptional case, and awarding HAB attorney fees under 35 U.S.C. § 285; and

(f)     For such further relief at law and in equity as the Court may deem just and proper.

DATED: Honolulu, Hawaii, \_\_\_\_\_FEB 0 9 2015\_\_\_\_\_.

_____/s/_____
ALAN K. LAU
TEDSON H. KOJA
Attorneys for Plaintiff
HAWAII AIRBOARDS, LLC